IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TODD ALLEN CAMP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No. 13-cv-352-JPG-CJP |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 32). Defendant filed a response (Doc. 35) indicating she has no objection.

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and his attorney provided for a fee of 25% of plaintiff's past-due benefits. The Commissioner approved and withheld 25% of the past due amount (*i.e.*, $10,950.25) pending court approval of the fee. *See* Doc. 33, Ex. A & C.

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id*. In practical terms, as plaintiff's counsel recognizes, this means that, in the event of an award under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Counsel represents that he will refund to plaintiff the EAJA fee ($4,028.72) previously awarded. *See* Doc. 33 at 2-3.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that 25% of the past-due amount is a reasonable fee here. The Court notes that the Commissioner has filed a response indicating that she does not oppose counsel's request. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b)(1) (Doc. 32) is **GRANTED**. The Court awards counsel a fee of $10,950.25, representing 25% of the past-due benefits.

Counsel shall refund to plaintiff the amount previously awarded under the EAJA, $4,028.72.

    **IT IS SO ORDERED.**
    **DATED: October 8, 2015**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**